UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE WITHERSPOON,

                    Petitioner,                  Case Number: 13-CV-13295

v.                                         HONORABLE GERSHWIN A. DRAIN
                                         UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

                    Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

On August 1, 2013, Petitioner Deandre Witherspoon ("Witherspoon" or "Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Witherspoon is a state prisoner in the custody of the Michigan Department of Corrections pursuant to plea-based convictions for two counts of second-degree murder, one count of armed robbery, and felony firearm. He argues that his convictions were obtained in violation of his constitutional rights because: the trial court erred in denying his motion to withdraw plea, trial counsel was ineffective, the trial court failed to place Petitioner under oath before accepting plea, and the state knowingly withheld exculpatory evidence. Respondent argues that the claims are procedurally defaulted, waived by his guilty plea, and/or meritless. The Court denies the petition.

I.        **Background and Procedural History**

Petitioner's convictions arise from a robbery and murder that took place in Detroit on February 23, 2007.  The robbery resulted in the murder of two children; one child died from a gunshot wound to the back of the head and the other child from three gunshot wounds to the head.  Petitioner was charged with two counts of first-degree murder and several other charges.

On October 29, 2007, Petitioner pleaded guilty to two counts of second-degree murder, one count of armed robbery, and felony firearm.  In exchange for this plea, the prosecutor dismissed two counts of first-degree murder as well as all other remaining charges.  The prosecutor also agreed to a prison sentence of 20 to 40 years for the murder convictions, and 20 to 30 years for the armed robbery conviction, to be served concurrently; Petitioner will serve two consecutive years of imprisonment for the felony firearm conviction.

On November 12, 2007, the date scheduled for sentencing, Petitioner's attorney made an oral motion to withdraw the plea.  The trial court heard the motion on December 17, 2007, and subsequently denied the motion.  On May 21, 2008, the trial court sentenced Petitioner in accordance with the plea agreement.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, arguing that the trial court erred in denying his motion to withdraw the plea.  The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Witherspoon,* No. 292216 (Mich. Ct. App. July 1, 2009).  Petitioner sought leave to appeal in the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal, *People v. Witherspoon*, 488 Mich. 852 (Mich. 2010), and denied Petitioner's motion for reconsideration.  *People v. Witherspoon*, 488 Mich. 997 (Mich. 2010).

In October 2011, Petitioner filed a motion for relief from judgment in the trial court raising these claims: (i) ineffective assistance of trial counsel; (ii) ineffective assistance of appellate counsel; (iii) involuntary plea; and (iv) newly discovered evidence warranting a new trial. The trial court denied the motion. Opinion and Order Denying Defendant's Motion for Relief from Judgment, *People v. Witherspoon*, No. 07-009823-02 (Jan. 27, 2012). The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's subsequent applications for leave to appeal. *People v. Witherspoon*, No. 310420 (Mich. Ct. App. Nov. 8, 2012); *People v. Witherspoon*, 494 Mich. 868 (Mich. 2013).

Petitioner then filed the pending habeas petition. He raises the following four claims:

I.      The trial court erred in denying the motion to withdraw plea.

II.     Petitioner was denied his Sixth Amendment [right to the effective assistance of counsel], when David Cripps along with the prosecutor, intimidated and pressured him into accepting a plea with his lawyer "Gabi Silver" [even though] he maintained his innocence. Consequently, the judge violated Petitioner's Fourteenth Amendment right to due process and equal protection when accepting the plea without placing the defendant under oath.

III.    Trial counsel was constitutionally ineffective for failing to investigate critical witnesses before trial, failed to meet with his client to discuss possible defenses, failed to subject the State's case to any meaningful adversarial testing, inter alia.

IV.     Based upon newly discovered evidence of the State knowingly withholding discoverable evidence which impoverished the court and may very well exonerate Defendant depriving him of his constitutional right to a fair trial confrontation, proper defense, and the effective assistance of both trial and appellate counsel in direct violation of Defendant's Fourth, Sixth, and Fourteenth Amendment rights to the U.S. and State Constitution, Petitioner is entitled to a trial.

Petition for Writ of Habeas Corpus, PageID 15.

II.     **Standard**

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244 *et seq.* ("AEDPA").  Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  The first prong of this analysis is referred to as the "unreasonable application" prong.

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on

the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), (*citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F.Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

III.     **Discussion**

A.        **Denial of Motion to Withdraw Guilty Plea**

In his first habeas claim, Petitioner argues that the trial court erred in denying Petitioner's motion to withdraw his plea.  He claims that he felt pressured into entering the plea and maintained his innocence at the plea hearing.

"[T]he decision whether or not to plead guilty ultimately rests with the client."  *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).  To be valid, a guilty plea must be voluntarily and intelligently made.  *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent.  *Id.* at 755, 757.

Before accepting Petitioner's plea, the trial court advised him of the rights he was giving up by pleading guilty and the terms of the plea agreement; determined that no promise—other than those encompassed in the plea agreement—had been made to Petitioner; and confirmed that no one had threatened or forced him to enter the plea.  Petitioner thereafter represented that he understood the terms of the plea agreement.  Consequently, in denying Petitioner's motion to withdraw his plea, the trial court held that Petitioner's plea was knowingly and voluntarily entered.  The record supports this conclusion.

Petitioner's claim that he maintains his innocence also does not render his plea involuntary. The United States Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, *a fortiori* a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y.1979) (footnotes omitted). Therefore, Petitioner's claim of actual innocence is not cognizable on habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

## B.       Ineffective Assistance of Trial Counsel Claim

Petitioner argues that habeas relief is warranted because his trial counsel pressured him into pleading guilty, and that counsel failed to investigate potential defenses or to meet with him.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

Furthermore, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The

Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Particularly in guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). Likewise, the "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

First, Petitioner argues that his attorney was ineffective because he pressured and intimidated Petitioner into pleading guilty. A petitioner is bound by any in-court statements made during a plea hearing. *See Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999). "If we

were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless. . . . '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'" *Id*. at 566 (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

Petitioner stated at the plea hearing that he was not coerced or pressured into entering a plea.  Petitioner is therefore bound by his in-court statement made during the plea hearing, and his conclusory statement that his attorney pressured him into pleading guilty is not supported by the record.

Petitioner also argues that his attorney was ineffective by failing to investigate possible defenses and by failing to meet with Petitioner.  Petitioner's argument, however, does not go beyond this barebones assertion.  In fact, the record shows counsel engaged in plea bargaining.  Further, Petitioner's conclusory arguments that counsel failed to investigate possible defenses are insufficient to overcome the presumption that counsel rendered adequate assistance.

### C.        Compliance with Michigan Court Rule 6.302(A)

Petitioner argues that his right to due process was violated when the trial court failed to place him under oath before accepting Petitioner's plea as required by Michigan Court Rule 6.302(A).  Although the record does not indicate that Petitioner was placed under oath during his plea, there is no constitutional right to be placed under oath at a plea proceeding.  *Phillips v. Murphy*, 796 F.2d 1303, 1307 (10th Cir. 1986).  Furthermore, the alleged violation of Michigan Court Rule 6.302 is not a basis for habeas corpus relief.  "[A] federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  "Issues of state law cannot form the basis for habeas relief." *Landrum v. Mitchell*, 625 F.3d 905, 913 (6th Cir. 2010).  The Court therefore denies this claim.

### D.    *Brady* Claim

As a final matter, Petitioner argues that the State failed to disclose allegedly exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Specifically, Petitioner points to an affidavit by co-defendant Terry Blakely and a statement by co-defendant Charlie Moore.  Blakely's affidavit states that he did not see or hear Petitioner discussing plans to commit a robbery with any of the other co-defendants.  Moore states that his previous statements to police implicating Petitioner were false.

The *Brady* disclosure doctrine requires the government to disclose evidence favorable to a defendant if it is "material either to guilt or to punishment."  *Brady v. Maryland*, 373 U.S. at 87.  Even assuming the evidence at issue here could be considered exculpatory substantive evidence, Petitioner fails to state a claim.

"[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*,

536 U.S. 622, 633 (2002). "When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." *Id.* at 629. "Given the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Id.* (*quoting Brady*, 397 U.S. at 748).

Several courts have concluded that there is no clearly established federal Constitutional right to the disclosure of *Brady* material prior to the entry of a guilty plea, without regard to whether the material is exculpatory or impeachment evidence. *See Friedman v. Rehal,* 618 F.3d 142, 154, nn.4 & 5 (2d Cir. 2010) (suggesting that *Ruiz* applies to exculpatory and impeachment evidence because the Supreme Court "has consistently treated exculpatory and impeachment evidence in the same way for the purpose of defining the obligation of a prosecutor to provide *Brady* material prior to trial . . . and the reasoning underlying *Ruiz* could support a similar ruling for a prosecutor's obligations prior to a guilty plea."); *United States v. Moussaoui*, 591 F.3d 263, 285-86 (4th Cir. 2010) (suggesting that there is no right to exculpatory evidence at the guilty plea stage but declining to resolve the issue); *United States v. Conroy*, 567 F.3d 174, 179 (5th Cir. 2009) ("[Petitioner] argues that the limitation of the Court's discussion [in *Ruiz* ] to impeachment evidence implies that exculpatory evidence is different and must be turned over before entry of a plea. *Ruiz* never makes such a distinction nor can this proposition be implied from its discussion.").

Given the lack of any Supreme Court precedent requiring *Brady* material to be disclosed prior to the entry of a guilty plea, and the split among courts on this issue, it cannot be said that clearly established federal law requires the prosecution to turn over exculpatory evidence prior to

entry of a plea.  Therefore, Petitioner has not alleged a violation of clearly established federal law under § 2254(d)(1).  Habeas relief is denied on this claim.

IV.    **Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

V.    **Conclusion**

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


                                              /s/ Gershwin A. Drain
                                              Honorable Gershwin Drain
                                              UNITED STATES DISTRICT JUDGE


DATE:_____July 31, 2015_____

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

/s/ Felicia Moses for Tanya Bankston
TANYA BANKSTON
CASE MANAGER